| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN J. MANZO,<br><br>    Plaintiff,<br><br>  v.<br><br>F. ROJAS, et al.,<br><br>    Defendants. | Case No. 1:18-cv-1121-DAD-JLT (PC)<br><br>**ORDER TRANSFERRING CASE TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**<br><br>(Doc. 1.)<br><br>**CLERK TO CLOSE CASE** |

Plaintiff has filed a complaint asserting constitutional claims against governmental employees and/or entities. (Doc. 1.) Generally, the Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

////

////

1

**I. Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff's claims arose during his incarceration at Pleasant Valley State Prison ("PVSP") in Coalinga, California and at Florence Corrections Center ("FCC") in Florence, Arizona. He names as defendants (1) PVSP Nurse F. Rojas, (2) FCC Nurse Robert Mbuya, (3) FCC Dr. Katherine Hakeman, (4) FCC Chief Medical Officer Keith Ivens, (5) FCC Nurse Karlla Greinermiller, (6) FCC Owner / Manager Corrections Corporation of America ("CCA"), and (7) "J. Doe 1-X," which appears to be an identifier for three different people: (a) the "person responsible for the policies of the CDCR," Compl. ¶¶ 21, 34; (b) the "person(s) responsible for plaintiff's transfer," Compl. ¶ 36; and (c) the "person(s) responsible for plaintiff's continuity of

treatment," Compl. ¶ 39.

Plaintiff's allegations may be fairly summarized as follows:

Plaintiff entered PVSP in February 2013. By June 2014, he was awaiting to be seen for surgery in his right eye to remove a pterygium that was affecting his vision and causing him pain.

On June 2, 2014, plaintiff was scheduled for an involuntary out-of-state transfer. Nurse Rojas screened plaintiff for this transfer, reviewed plaintiff's pain summary sheet and/or health records, and thus became aware of plaintiff's medical needs. Nonetheless, she failed to initiate and/or place a medical hold on that transfer. As a result, plaintiff was transferred to FCC on June 4, 2014.

On June 5, 2014, plaintiff was taken to a clinic at FCC whereupon defendant Mbuya conducted an Initial Health Screening. Plaintiff informed Mbuya about the pterygium in his right eye and his pending surgery. Mbuya, however, did not verify this surgery or refer plaintiff to a doctor.

On June 11, 2014, plaintiff was examined by Dr. Hakeman, who became aware of the pterygium but simply referred plaintiff to an optometry consult for eyeglasses. She ignored plaintiff's request to be referred to an ophthalmologist.

On June 12, 2014, defendant Ivens denied Dr. Hakeman's routine referral to an optometrist pursuant to CCA policy. Per plaintiff, CCA requires its health care staff to adhere to CDCR policies when it comes to providing medical treatment for California inmates. However, plaintiff does not specify how the CDCR policy would have resulted in the denial of this referral.

On June 21, 2014, plaintiff submitted a medical request regarding his need for eye surgery and other medical issues. In response to this request, plaintiff was seen by Nurse Greinermiller on June 23, 2014. This defendant, too, failed to confirm plaintiff's need for surgery and denied his request for referral to a doctor.

Plaintiff submitted another medical request. In response, Dr. Hakeman submitted a referral for a consult with an ophthalmologist. Ivers, however, denied this request pursuant to a CCR and CDCR policy that California inmates with serious medical needs be treated in California. Ivers thus submitted plaintiff for return to California to complete his surgical treatment plans. Defendant

Doe 1-X, the individual responsible for plaintiff's transfer, did not transfer plaintiff back to California until five months later.

Plaintiff finally returned to an unspecified institution in California on January 7, 2015. Once back in California, Doe 1-X, the "person(s) responsible for plaintiff's continuity of treatment," did not schedule plaintiff for immediate surgery. Plaintiff finally underwent surgery on July 20, 2015.

Due to these aforementioned delays, plaintiff suffered pain in his eye, and he now has deteriorated vision. Plaintiff seeks declaratory relief and damages.

### III. Discussion

#### A. Conduct Occurring in California

Liberally construed, plaintiff's complaint asserts an Eighth Amendment claim against three California individuals: Nurse Rojas, Doe 1-X (the "person responsible for the policies of the CDCR"), and Doe 1-X (the "person(s) responsible for plaintiff's continuity of treatment").

Though the Eighth Amendment of the United States Constitution entitles plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate

4

indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). In addition, mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.").

Plaintiff's allegations do not state an Eighth Amendment claim against Nurse Rojas. While plaintiff's medical condition satisfies the requirement that plaintiff show a serious medical need, Nurse Rojas's failure to initiate a medical hold on plaintiff's transfer does not meet the standard of deliberate indifference since there no showing that this was a purposeful act as opposed to a mere mistake or negligence. Plaintiff's allegations against Doe 1-X (the "person responsible for the policies of the CDCR") and Doe 1-X (the "person(s) responsible for plaintiff's continuity of treatment") are too vague to state a claim. Accordingly, plaintiff has not stated a claim against a California-based defendant.

**B. Conduct Occurring in Arizona**

The remainder of plaintiff's allegations concern conduct by FCC employees and CCA. When jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Venue may be raised by the court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986). Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other division or district in which the action might have been brought, where it would be in the interests of justice and convenience of parties. <u>See</u> Advisory Comment following § 1404.

The bulk of the acts complained of occurred at FCC, which is located in the District of Arizona, and it appears that the majority of the defendants reside in that district. Venue, therefore, properly lies in that district and not in this one. <u>See</u> 28 U.S.C. § 1391(b). It is in the interests of justice and convenience of the parties for these claims to be transferred to the United States District Court for the District of Arizona.

**IV.  Conclusion**

Though the Court has analyzed plaintiff's claims concerning the California-based defendants and finds that they are subject to dismissal for failure to state a claim, it has not analyzed plaintiff's claims concerning the Arizona-based defendants. For the reasons outlined above, the Court **ORDERS** the Clerk of Court to **TRANSFER** this case to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a) and in the interests of justice.

IT IS SO ORDERED.

Dated: **February 28, 2019**             **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE